**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

FILED & ENTERED

SEP 13 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparde DEPUTY CLERK

In re:

Continental Coin Corporation

                    Debtor(s).

Rodger Virtue

          Plaintiff(s),

      v.

 Hill Farrer & Burrill LLP,  Liberty Mutual Insurance Company, Daniel J. McCarthy, Nancy Zamora,  Zamora & Hoffmeier, APC

          Defendant(s)

_____

NANCY HOFFMEIER ZAMORA,
Solely in her capacity as Chapter 11 Trustee for Continental Coin Corporation,

          Counter-Claimant and Plaintiff

      v.

RODGER VIRTUE, an individual,

          Counter-Defendants.

And DANIEL J. McCARTHY, an individual, HILL, FARRER & BURRILL LLP, a California limited liability partnership, and DOES 1-20,

          Defendants.

Case No.:  1:00-bk-15821-GM

Adv No:   1:07-ap-01291-GM

Chapter 11

**MEMORANDUM OF OPINION REGARDING COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES [DOCKET NUMBER 74]**

Date: July 31, 2012
Time: 10:00 a.m.
Courtroom: Courtroom 303

On December 16, 2011 Nancy Zamora, solely in her capacity as Chapter 11

Trustee for Continental Coin Corporation, filed a counter-claim against Rodger Virtue and his attorney Daniel J. McCarthy, and the law firm of Hill, Farrer & Burrill LLP (jointly counter-defendants).  The counter-defendants answered and then filed a motion to strike and for judgment on the pleadings. (doc. #53).  On April 30, 2012, the court entered its memorandum of opinion and order.  The Court granted the motion dismissing claims 1, 2, 3, and 10 with prejudice and striking claims 4 through 9 with prejudice.  The striking of claims 4-9 was pursuant to the anti-SLAPP statute, Cal. Code of Civ. Proc. §425.16, which also provides that the prevailing party shall be awarded its attorneys' fees and costs.  Virtue was ordered to file his motion for attorneys' fees and costs within 30 days of the entry of the order. (doc. ##63, 64).

On May 30, 2012 the counter-defendants filed their joint motion for attorneys' fees (doc. #74) seeking $20,633.41.  Hill Farrer was represented in part by Waxler Carner Brodsky LLP (WCB), which billed them $5,047.50 for work on the anti-SLAPP motion.  Hill Farrer sought $10,454.91 in fees and costs for its representation of Virtue (but not of itself).  This was opposed by Zamora, who had filed an appeal on May 14, 2012 (doc. #67).

The tentative ruling for the July 31, 2012 hearing was as follows:

The Virtue parties are entitled to their fees as the prevailing party on the anti-SLAPP motion.  The application states that Hill Farrer did the research, drafting, and arguing both on its own behalf and on behalf of Virtue and thus it allocated half of the time to Virtue and half to the firm.  It is not seeking reimbursement for the half allocated to the firm since a law firm is not entitled to recover its fees as prevailing party under the anti-SLAPP statute for services performed by a member of that firm. Carpenter & Zuckerman, LLP v. Cohen, 195 Cal.App.4th 373 (2011).

In opposition, the Trustee argues that Virtue is not the prevailing party because the matter is on appeal; there can be no recovery for the fees billed by Waxler, Carner & Brodsky because it represented Hill Farrer and McCarthy, not Virtue; there cannot be a recovery for fees and costs related to the non-anti-SLAPP causes of action; and there are no time entries solely for the anti-SLAPP motion on behalf of Virtue.

The Waxler and H&F reply covers a variety of grounds. As to jurisdiction, this is not the vacating or modification of an order on appeal, but the enforcement of one. They also request an additional award of fees of $5,047.50 for the anti-SLAPP motion and this fee motion as well as $2,177.50 for opposing the motion for stay. As to the fact that Waxler and H&F were not mentioned in the Memorandum of Opinion, it did not have to specifically allow fees and would only preclude the request if it so stated, which it did not. The only fees that H&F requests are those actually paid to Waxler. The payment of fees should not be stayed pending outcome of the appeal.

Proposed Ruling
The Court is well-aware of the pending appeal and has previously decided that it is appropriate to liquidate the attorney's fees. There is no stay pending appeal as to that. I have not yet decided whether it is appropriate to allow execution on the determined amount and there is no motion on that issue for a stay pending appeal. As to jurisdiction, this is not a modification of the prior order, but enforcement of it.

There is no dispute that Virtue is entitled to attorneys' fees once he has been designated as the prevailing party. Hill Farrer and McCarthy (jointly H&F) were named in claims 4, 6, 7, 8, and 9, all of which were dismissed against H&F in that the Trustee did not meet her anti-SLAPP burden. (doc. 64, 17:9-12). Although other grounds for dismissal are discussed in the memorandum of opinion, they do not vitiate the ruling that the third party claim is dismissed under anti-SLAPP. However it is true that although the memorandum and the order specifically order Virtue to seek his fees, they do not preclude H&F from doing so.

Since H&F were only named in the anti-SLAPP causes of action, there is no reason to apportion fees paid to an outside firm (WCB) for bringing the motion to dismiss. Andrew Waxler supervised the whole process of the opposition, which may have been limited to the H&F motion, but also included the Virtue one. Since this is an outside firm, H&F is entitled to recoup the fees paid, as is Virtue.

Exhibit A to the fee motion indicates that $5,047.50 of the time (and costs, I think) are attributable to the anti-SLAPP motion. While these are summarized in the Waxler declaration, the individual time entries are not highlighted, so I cannot tell which are included. And it is likely that the work on the anti-SLAPP and other parts of the motion are inseparable given the way that the time records were kept.

The allocation of the H&F fees between that firm and Virtue as to the anti-SLAPP motion is appropriate. However, Virtue is not entitled to his fees on the motion to dismiss as to claims 1, 2, and 3 (claim 10 was also dismissed, but that was due to the dismissal of other claims). My review of the Motion (doc. 53) shows that the part that concerned the first and second causes of action are set forth in pp. 17-20. The rest of the arguments are the basis of the anti-SLAPP motion, which required that the Court determine whether the plaintiff has a probability of prevailing on each claim asserted.

There is no reliable way to apportion the requested fees, so the court will use the somewhat crude method of dividing them by virtue of the amount of pages attributed to them. There are twenty pages of law and argument in this motion of which four are about the first and second causes of action. Thus, I hold that 20 percent of the fees attributable to the motion, its argument and appearance are

for non-anti-SLAPP work and no attorney's fees can be allowed for those.  Of the remaining 80 percent, half are for work done on behalf of Virtue and the other half for H&F.

As to the Waxler fee request, the total fees in the initial application were $7,548. Since 80 percent of this is $6,038.40 and this exceeds the requested amount of $5,047.50, I will allow $5,047.50 plus half the costs which will be $44.22 .  All of the supplemental fees are dealing with anti-SLAPP and they are allowed as requested in the amount of $2,177.50.  Thus the total fees payable to Waxler Carner Brodsky, LLP is $7,269.22.

As to the other specific objections to the fees, these are overruled.

Applying the above formula to the H&F fee request, the initial request is for a total of $11,594 (prior to the courtesy discount).  Half of that is attributable to H&F's own motion, leaving $5,797.  Eighty percent is for the anti-SLAPP work, which ends up being $4,637.60 in fees and half the costs at $22.52.  The supplemental fee request for $6,595 is all for anti-SLAPP and will be divided in half so that $3,297.50 is attributed to Virtue as are half the costs at $5.45.  Thus the total fees payable to Hill, Farrer & Burrill LLP is $7,963.07.

At the July 31 hearing, Zamora asked for more time to review the time records and arguments presented by Hill Farrer, so this matter was submitted as to that firm and the parties were given time to submit supplemental briefs.  However the Court ruled that the amount the Hill Farrer will receive for the work done by Waxler Carner & Brodsky would be $7,313.44 per the tentative ruling and oral argument.

In her supplemental opposition to the motion for attorneys' fees, Zamora disagrees with my crude method of allocation, but asserts that if I do use it I should expand it to include the work done on the third cause of action, which also was not anti-SLAPP and thus the 20 percent reduction must be increased.  (doc. #99, p. 2)  Zamora is correct that I did not talk about the portion of the motion concerning the third cause of action (breach of duty as member of official creditors committee), but this is because no separate law or argument was presented as to that part of the pleading.  The movants simply included it as part of the anti-SLAPP assertions.

In reply to the supplemental opposition, counter-defendants break down the fee request and seek a total of $19,226.95 payable to Virtue and $7,313.44 payable to Hill

Farrer (for the amounts paid to Waxler Carner & Brodsky on behalf of Hill Farrer) as follows (doc. #100, p. 1):

| | Virtue | Hill Farrer |
|---|---|---|
| Anti-SLAPP Motion | $7,500.95 | $5,047.50 |
| Motion for Attorneys' Fees | $5,131.00 | N/A |
| Opposition to Motion for Stay Pending Appeal | $6,595.00 | $2,177.50 |
| | $19,226.95 | $7,313.44 |

The Court agrees with these amounts and with the methodology already set out in the tentative ruling above. Thus, the order will be entered that Nancy Zamora is liable to Rodger Virtue for fees and costs that he has expended in the sum of $19,226.95 and to Hill, Farrer & Burrill for fees and costs that it has expended in the sum of $7,313.44. No award is made directly to Waxler Carner & Brodsky since that is covered by the award to Hill, Farrer & Burrill.

###

DATED: September 13, 2012

United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): _ **MEMORANDUM OF OPINION REGARDING PLAINTIFF AND COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES [DOCKET NUMBER 74]**
_____
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Anthony Zamora Email: zamora3@aol.com
Danielle Sokol Email: dsokol@wcb-law.com
Andrew Waxler Email: awaxler@wcb-law.com

☐  Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Daniel J. McCarthy
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071-3147

☐  Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**