UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

FILED & ENTERED

AUG 05 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Garraway DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>Continental Coin Corporation<br><br>                            Debtor(s).<br><br>Rodger Virtue<br><br>                           Plaintiff(s),<br>  v.<br><br>Hill Farrer & Burrill LLP, Liberty Mutual Insurance Company, Daniel J. McCarthy, Nancy Zamora, Zamora & Hoffmeier, APC<br><br>                         Defendant(s). | Case No.:  1:00-bk-15821-GM<br><br>Adv No:  1:07-ap-01291-GM<br><br>Chapter 11<br><br>**MEMORANDUM OF OPINION REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS FEES**<br><br>Date: July 31, 2012<br>Time: 10:00 a.m.<br>Courtroom:  303 |

      On December 16, 2011 Defendant Nancy Zamora ("Zamora"), in her capacity as chapter 11 Trustee, filed a counter-claim against Plaintiff Rodger Virtue ("Virtue") and a Complaint against Daniel McCarthy (McCarthy") and Hill, Farrer & Burrill LLP ("HFB").[1] The Co-Defendants filed their answers to the complaint and on February 17, 2012 they filed a special motion to strike the counter-claim and complaint pursuant to Cal.Code

---

[1] 1:07-ap-1291-GM, dkt. 37.  Unless otherwise specified, all docket references are to this adversary proceeding.  Virtue continued to be represented by HFB, but McCarthy and HFB were represented by Waxler Carner & Brodsky LLP.  For that reason, some documents were filed jointly and some were filed in duplicate on behalf of each of the two groups of defendants.  Where appropriate, Virtue, McCarthy, and HFB will jointly be referred to as "co-defendants."

Civ. Proc. §425.16 (the "anti-SLAPP motion").[2] On April 30, 2012, the Court entered its Memorandum of Opinion and its Order granting the motion and striking the counter-claim/complaint pursuant to Cal.Code Civ. Proc. §425.16.[3] On May 30, 2012 the Co-Defendants filed this motion for fees under Cal.Code Civ. Proc. §425.16(c). On June 27, 2012, a motion for stay pending appeal was denied, as was the motion to withdraw the motion for fees.[4] On May 6, 2013 the appeal was dismissed by the District Court for the failure of Zamora to timely file her opening brief.[5]

The motion for fees was continued from time to time with the final brief being filed on August 24, 2012. For the hearing on July 31, 2012, the Court issued the following tentative ruling (typographical errors corrected):

> I previously denied a stay as to the liquidation of the fees. There is no motion to stay payment of them.
>
> The Virtue parties are entitled to their fees as the prevailing party on the anti-SLAPP motion. The application states that Hill Farrer did the research, drafting, and arguing both on its own behalf and on behalf of Virtue and thus it allocated half of the time to Virtue and half to the firm. It is not seeking reimbursement for the half allocated to the firm since a law firm is not entitled to recover its fees as prevailing party under the anti-SLAPP statute for services performed by a member of that firm. Carpenter & Zuckerman, LLP v. Cohen, 195 Cal.App.4th 373 (2011).
>
> In opposition, the Trustee argues that Virtue is not the prevailing party because the matter is on appeal; there can be no recovery for the fees billed by Waxler, Carner & Brodsky because it represented Hill Farrer and McCarthy, not Virtue; there cannot be a recovery for fees and costs related to the non-anti-SLAPP causes of action; and there are no time entries solely for the anti-SLAPP motion on behalf of Virtue.
>
> The Waxler and H&F reply covers a variety of grounds. As to jurisdiction, this is not the vacating or modification of an order on appeal, but the enforcement of one. They also request an additional award of fees of $5,047.50 for the anti-SLAPP motion and this fee motion as well as $2,177.50 for opposing the motion for stay. As to the fact that Waxler and H&F were not mentioned in the Memorandum of Opinion, it did not have to specifically allow fees and would only preclude the request if it so stated, which it did not. The only fees that H&F

---

[2] Dkt. 53.
[3] Dkt. 63, 64.
[4] Dkt. 90, 91.
[5] 1:12-cv-04981-PA.

request are those actually paid to Waxler.  The payment of fees should not be stayed pending outcome of the appeal.

Proposed Ruling
The Court is well-aware of the pending appeal and has previously decided that it is appropriate to liquidate the attorneys' fees.  There is no stay pending appeal as to that.  I have not yet decided whether it is appropriate to allow execution on the determined amount and there is no motion on that issue for a stay pending appeal.  As to jurisdiction, this is not a modification of the prior order, but enforcement of it.

There is no dispute that Virtue is entitled to attorneys' fees once he has been designated as the prevailing party.  Hill Farrer and McCarthy (jointly H&F) were named in claims 4, 6, 7, 8, and 9, all of which were dismissed against H&F in that the Trustee did not meet her anti-SLAPP burden. (doc. 64, 17:9-12).  Although other grounds for dismissal are discussed in the memorandum of opinion, they do not vitiate the ruling that the third party claim is dismissed under anti-SLAPP.  However it is true that although the memorandum and the order specifically order Virtue to seek his fees, they do not preclude H&F from doing so.

Since H&F were only named in the anti-Slapp causes of action, there is no reason to apportion fees paid to an outside firm (WCB) for bringing the motion to dismiss.  Andrew Waxler supervised the whole process of the opposition, which may have been limited to the H&F motion, but also included the Virtue one.  Since this is an outside firm, H&F is entitled to recoup the fees paid, as is Virtue.

Exhibit A to the fee motion indicates that $5,047.50 of the time (and costs, I think) are attributable to the anti-SLAPP motion.  While these are summarized in the Waxler declaration, the individual time entries are not highlighted, so I cannot tell which are included.  And it is likely that the work on the anti-SLAPP and other parts of the motion are inseparable given the way that the time records were kept.

The allocation of the H&F fees between that firm and Virtue as to the anti-SLAPP motion is appropriate.  However, Virtue is not entitled to his fees on the motion to dismiss as to claims 1, 2, and 3 (claim 10 was also dismissed, but that was due to the dismissal of other claims).  My review of the Motion (doc. 53) shows that the part that concerned the first and second causes of action are set forth in pp. 17-20.  The rest of the arguments are the basis of the anti-SLAPP motion, which required that the Court determine whether the plaintiff has a probability of prevailing on each claim asserted.

There is no reliable way to apportion the requested fees, so the court will use the somewhat crude method of dividing them by virtue of the amount of pages attributed to them.  There are twenty pages of law and argument in this motion of which four are about the first and second causes of action.  Thus, I hold that 20 percent of the fees attributable to the motion, its argument and appearance are for non-anti-SLAPP work and no attorney's fees can be allowed for those.  Of the remaining 80 percent. half are for work done on behalf of Virtue and the other half for H&F.

As to the Waxler fee request, the total fees in the initial application were $7,548.  Since 80 percent of this is $6,038.40 and this exceeds the requested amount of $5,047.50, I will allow $5,047.50 plus half the costs which will be $44.22 .  All of

the supplemental fees are dealing with anti-SLAPP and they are allowed as requested in the amount of $2,177.50. Thus the total fees payable to Waxler Carner Brodsky, LLP is $7,269.22.

As to the other specific objections to the fees, these are overruled.

Applying the above formula to the H&F fee request, the initial request is for a total of $11,594 (prior to the courtesy discount). Half of that is attributable to H&F's own motion, leaving $5,797. Eighty percent is for the anti-SLAPP work, which ends up being $4,637.60 in fees and half the costs at $22.52. The supplemental fee request for $6,595 is all for anti-SLAPP and will be divided in half so that $3,297.50 is attributed to Virtue as are half the costs at $5.45. Thus the total fees payable to Hill, Farrer & Burrill LLP is $7,963.07.

At that hearing the Court ordered that the fees due to the Waxler firm would be $7,313.44, but the amount due to HFB was submitted with a final opposition brief due by August 17, 2012. On August 17 Zamora filed her supplemental opposition and on August 24, 2012 the co-Defendants filed their reply to the supplemental opposition.[6]

The issue as to HFB's fees was the amount that should be paid for preparing the motion for fees, reviewing the opposition, preparing the reply, and attending the hearing.[7] HFB also pointed out that the tentative ruling as to the fees for the anti-SLAPP motion itself had overlooked an invoice in the amount of $9,057.[8]

In violation of a self-imposed practice that I have employed since my early days on the bench, I did not continue the July 31 hearing and, unfortunately, this matter simply dropped off my calendar and out of my chain of reference. I again became aware of it after the dismissal of the appeal and am now ruling.

Zamora's Supplemental Opposition

Zamora objects to the Court's proposed apportionment formula, but does not suggest another alternative. However, she states that even if the Court uses the

---

[6] Dkt. 99, 100.
[7] Transcript of hearing of 7/31/12 attached to dkt. 99, Ex. A, 5:17-7:5.
[8] Id., Ex. A, 7:9-25.

proposed one, it should also include the third cause of action with the first two since that was also a non-anti-SLAPP cause of action. The third cause of action was based on Plaintiff's breach of duty as a member of the Creditor's Committee, which is based on federal bankruptcy law. The arguments as to the third cause of action in the motion to dismiss were improperly included with those based on state law, but it was actually based on federal bankruptcy law. Thus an allowance must be made for this.

Beyond that, the Court was correct that there can be no recovery for fees incurred for self-representation by McCarthy and HFB. McCarthy's argument at the hearing is incorrect. The time spent by McCarthy and HFB in preparing the fee motion and the supplement and opposing the Trustee's motion for stay pending appeal were not services only for Virtue. These were also to recover fees that Waxler billed HFB. And the Trustee's motion for stay pending appeal related to more than just the fee motion.

Reply to the Supplemental Opposition

Defendants request a total award of $19,226.95 for representation by HFB of Virtue and an additional $7,313.44 for the Waxler firm's representation of HFB and McCarthy. Each is broken down into separate activity groups:

**Representation of Virtue**:
Anti-SLAPP motion - $7,500.95
Motion for Attorneys' Fees - $5,131.00
Opposition to Motion for Stay - $6,595.00

**Representation by Waxler of HFB and McCarthy**
Anti-Slapp motion - $5,047.50
Opposition to Motion for Stay - $2,177.50

The Waxler amount is not in dispute and was ordered by the Court at the July 31 hearing.

As to the Virtue matter on the Anti-SLAPP motion, as argued at the hearing, the Court made a mathematical error by not including some of the invoices, so the beginning gross amount should have been $20,651. Then the Defendants had reduced it by 50 percent to account for work performed on behalf of HFB. The Court then reduced that by another 20 percent to factor in the non-anti-SLAPP causes of action. No further reduction should be required.

As to the motion for attorneys' fees, these would be payable only to Virtue to compensate him for what he has actually paid to HFB for work performed on that motion. This motion was solely in pursuit of fees actually awarded by the Court and not of any unawarded fees. Thus none of the attorney time was in self-representation because the actual fee award did not include any fees for self-representation (having already voluntarily been reduced by 50 percent for that issue).

As to the opposition to the motion for stay, this related back to the motion for attorney's fees and the fees actually awarded by the Court, which include no award for self-representation.

The Ruling

As to self-representation, this is accounted for by the reduction of 50 percent on the anti-SLAPP motion. There is no self-representation issue on the motion for attorney's fees, which was solely to reimburse Virtue. The opposition to the stay covers both the anti-SLAPP motion and the motion for attorney's fees, but I find that the Waxler firm handled representation of HFB and thus there was no self-representation component on that.

As to a further reduction for work done on the third cause of action, I have stated

that I am using a very crude measurement, but it is the best that I can find.  The third cause of action is included as part of the motion to strike with the fourth through tenth causes of action on pages 8-11.  This actually covers only three pages of text.  No extra work was done as to the third cause of action – it merely floated along with the overall argument.  Therefore no further apportionment will be made as to the third cause of action.

An issue has been raised as to the timing of the payment.  Co-Defendants do not dispute that the payment will be from the Estate since Zamora brought the complaint/counter-claim solely in her capacity as the Chapter 11 Trustee.  Although there appears to be sufficient monies in the estate to pay all administrative expenses in full, Zamora argues that since the Court has deferred payments her fees, it is appropriate to defer these.  The difference is that this complaint/counter-claim stands alone and separate from the much more complex issues in this adversary proceeding.  The anti-SLAPP fees are mandated by statute.  Therefore, as soon as the Order on this motion becomes final, the Trustee is to distribute to HFB and to the Waxler firm the amounts set forth in the Order.

The award for the representation of Virtue by HFB will be $19,226.95.

###

Date: August 5, 2013

Geraldine Mund
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM OF OPINION REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS FEES**
was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Anthony N Zamora    zamora3@aol.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Zamora & Hoffmeier APC
633 W. 5th Street Suite 2600
Los Angeles, CA 90071

Andrew Waxler
1960 E. Grand Ave. Suite 1210
El Segundo, CA 90245

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

F 9021-1.1.NOTICE.ENTERED.ORDER

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*